EGBERT F. GUILD v. ALEXANDER C. KIDD, IMPLEADED, ETC.

*Ejectment—Neglect to pay for improvements after judgment of restitution.*

In ejectment where defendant claims for the value of improvements, and the value is assessed, if the plaintiff recovers and does not file an election to take the value of the land without the improvements, the usual judgment of restitution should be entered, and then if plaintiff fails to pay the assessment for improvements within a year, he is deemed to abandon the land to the defendant.

Whether there is any constitutional objection to making statutes which give to occupants from whom lands are recovered the value of their improvements, apply to the improvements made before their passage, *quære*. There certainly is none where the statute under which suit is brought is the substitute for another which would have allowed the recovery, and which was in force when the improvements were made.

If there is any reason why, under the law, a defendant is not entitled to recover the value of his improvements, the plaintiff should make the objection in the circuit court. If in that court an assessment is made in defendant's favor, and the case is then removed to this court, the assessment will be presumed properly and legally made unless the record shows the contrary,

Error to Saginaw. Submitted April 19. Decided April 25.

EJECTMENT. Defendant Kidd brings error. Affirmed.

*Albert Trask* for appellant. Act 180 of 1875 giving the defendant in ejectment a right to recover for improvements is valid: *Madland v. Benland* 24 Minn. 372; *Dothage*

*v. Stuart* 35 Mo. 251; *Bellows v. McCartee* 20 N. H. 515; *McCoy v. Grandy* 3 Ohio St. 463; *Pacquette v. Pickness* 19 Wis. 219; *Bank of Hamilton v. Dudley* 2 Pet. 492; *Davis v. Powell* 13 Ohio 308; *Shaler v. Magm* 2 Ohio 236.

*Edget & Brooks* for appellee. A judgment for value in ejectment is simply for money, and no right of restitution can be based on it: *Long v. Sinclair* 38 Mich. 90; a statute of limitations cannot operate retrospectively unless time enough remains in which to assert title: *Ludwig v. Stewart* 31 Mich. 27; and it must fix the period after its passage in which suit must be brought: *Stambaugh v. Snoblin* 32 Mich. 296.

COOLEY, J. Guild brought ejectment against Kidd and two others to recover possession of a certain eighty-acre lot of land. Kidd, claiming to have been in the peaceable possession of all the land except five acres from the year 1869 to the time of the trial in 1878, and to have made valuable improvements thereon, filed a claim to have the increased value of the premises, by reason of the improvements, assessed. Plaintiff filed a counter-claim to have the value of the land assessed as it would be if no buildings had been erected or improvements made or waste committed thereon. The case went to the jury, who found title in the plaintiff; that Kidd had been in possession of all but five acres continuously since 1869; that the increased value of the premises by reason of his improvements was $800, and that the value of the premises if no improvements had been made, or buildings erected or waste committed, would be $122.50. No judgment was at the time rendered on this finding, but at a subsequent term the ordinary judgment for recovery of possession was entered. Kidd removes the case to this court by writ of error.

It is supposed by the appellant that the judgment as entered does not protect him; that it should have expressly made the recovery of possession conditional on the assessment made in his favor being paid. In this we think he is in error. The statutory provisions governing the case are

given in the margin* and they plainly contemplate the ordinary judgment where plaintiff does not elect to abandon. The defendant is protected by the provision which makes the default of the plaintiff to pay the assessment in favor of the defendant an abandonment of all claim of title. He needs nothing further. The abandonment in this case would relate only to the land which appellant had occupied and improved.

, On the part of the plaintiff the question is raised whether the statute under which the assessment has been made is applicable to the case. The statute was approved May 1, 1875, and it allows a recovery of improvements only, in case " the defendant or defendants, or the person [or persons] through whom he or they claim title, shall have been in the actual, peaceable occupation of the premises recovered, for six years before the commencement of the action," unless " the same shall have been so occupied for a less time than six years under a color of title and in good faith." Public Acts 1875, p. 207. The statute is not in terms retrospective, and it is contended that, under the general rule that statutes are to have a prospective operation only when a different intent is not declared, the six years must have run after the passage of the act. And the point is made that even if it had been intended to give the statute a different construction, it would not have been within the constitutional

---

*Compiled Laws, §§ 6254, 6255.

(6254.) Sec. 52. If, after the rendition of the verdict, the plaintiff shall, at the same or next subsequent term of the court, make his election on record, to abandon the premises to the defendant at the value estimated by the jury, then judgment shall be rendered against the defendant for the sum so estimated by the jury, with costs of suit, which judgment shall be a lien upon the premises in question, and execution may issue on such judgment, and be levied upon such premises, and the same may be sold by virtue thereof, in the same manner and with the like effect as any other real estate of the defendant.

(6255.) Sec. 53. If the plaintiff shall not elect to abandon the premises to the defendant, he shall, within one year after the rendition of the judgment for the recovery of the premises, pay to the clerk of the court for the use of the defendant such sum as shall have been assessed for the buildings and improvements, with interest thereon; and no writ of possession shall issue on the judgment rendered on the verdict, nor any new action be sustained for the land, until such sum is paid; and a default to pay to said clerk as aforesaid shall be deemed an abandonment of all claim of title to the premises, and be a bar to the recovery thereof.

authority of the Legislature to do so. In other words that the Legislature cannot under the Constitution compel one man to pay for improvements which another without his consent has made upon his lands at a time when no existing law provided for such payment.

This argument did not meet with approval when made in *Davis' Lessee v. Powell* 13 Ohio 308. But it is not necessary to enter upon any examination of the constitutional question in this case, for a number of very obvious reasons.

One of these reasons is that the plaintiff is not here with any writ of error or assignment of errors; but he has acquiesced in the judgment of the court below, and is not therefore in position to have it set aside or modified in his favor. Only the defendant Kidd complains of the judgment on this record, and if his complaint is not well founded, the proceedings cannot be disturbed. If for any reason the assessment made in this defendant's favor is supposed to be illegal and void on the face of the record, the plaintiff may no doubt raise the question by claiming and endeavoring to obtain possession under his judgment; but in this court there can be no authority on the present writ of error to disturb the assessment.

But if the question of defendant's right to an assessment was an open one now, the plaintiff fails to show that it was not justified by the act of 1875 on any construction that can be given to it. That act does not require six-years' possession in all cases, but expressly excepts cases where the defendant is in possession under color of title and in good faith. The record does not show that such was not the case here; and when an assessment is legally possible under any set of circumstances, a court of error must infer, in support of an assessment actually made, that the circumstances were shown to exist before the court below pronounced its judgment.

The plaintiff may perhaps have overlooked one fact which might be important in its bearing upon the constitutional question which he raises. That question has been presented under the act of 1875 as if that statute was the first legisla-

tion on the subject, and gave new rights where none existed before. The truth is, however, that the act of 1875 was restrictive in character, and imposed limitations upon the right to recover for improvements as it had been previously established. The Act of 1873, Laws 1873, vol. 1, p. 472, which was supplanted by that of 1875, did not require that possession should continue for any definite time before the right to the value of improvements should attach; and as this defendant appears to have been in possession while that act was in force he may have had and probably did have a right which was perfect under it. If therefore the Act of 1875 can as to cases situated like his be construed to require six years' possession after its passage, it is manifest that the effect will be to take away pre-existing rights; and the power to do this is far more questionable than the power to give new rights upon pre-existing equities. For the reason above stated we have no occasion to consider the constitutional question in this case; but it seems proper to allude to these facts, as it is plain that the constitutional argument of the plaintiff, if accepted and applied, could not possibly be of service to him.

The judgment will stand affirmed with costs.

CAMPBELL and MARSTON, JJ. concurred.